## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Helbert Hughes,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 10-01390** |
| | ) | |
| **City of Peoria, Peoria Police Department,** | ) | |
| **Sheriff Department of Peoria, Illinois,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Now before the Court are Defendant's Motions to Dismiss [#7, 9] Plaintiff's Complaint [#1] pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the foregoing reasons, Defendants' Motions to Dismiss [#7, 9] are GRANTED.  Plaintiff's Motion to Dismiss [#13] is deemed MOOT.  Plaintiff's Motion to Amend [#12] is also DISMISSED.  As the Court did not allow the filing of Plaintiff's proposed Amended Complaint, Defendants' Motions to Dismiss the Amended Complaint [#14, 19] are deemed MOOT.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On November 23, 2010, Helbert Hughes ("Hughes") filed his *pro se* Complaint against Defendants City of Peoria, Peoria Police Department, and Sheriff Department of Peoria, Illinois (collectively, "Defendants") for deprivation of rights under § 1983.  In his Complaint, Hughes asserts that he has been maliciously prosecuted in every trial he's "been in."  He also alleges that the Defendants took money from his bank account including, but not limited to, a debit card transaction on February 7, 2004 for $74.00.

Hughes was given two tickets for failing to have car insurance, and the Judge in his case ordered that his license be returned.  Defendants allegedly refused to return Hughes's license as it was sent to Springfield.  When Hughes called the Springfield office, the representatives denied having his license.  Hughes later claims he found his license attached to one of the original tickets in the Peoria courthouse.

Hughes was also stopped for a traffic violation, and Peoria police officers searched his car.  During this search, officers found several firearms.  Hughes claims that this search was  a violation of his civil rights and his Fourth Amendment rights.  Hughes was charged with unlawful possession of firearms, but the claim was later allegedly dismissed.

Hughes also lists several other cases where he was charged with various crimes over the past few decades: (1) battery; (2) possession of a Class IV controlled substance; (3) domestic battery; (4) unlawful use of a weapon; (5) criminal trespass; and (6) unregistered firearm. Hughes alleges that, in each of these cases, he was either acquitted by a jury or the charges were later dismissed.  Hughes seeks $3.5 million in damages resulting from these alleged malicious

---

[1]  Unless otherwise indicated, the facts presented are from Plaintiff's Complaint.

prosecutions. Defendants filed two separate Motions to Dismiss [#7, 9] on December 17, 2010.

This matter is fully briefed. Additionally, Hughes filed a Motion to Amend [#12][2] and a Motion

to Dismiss [#13]. This matter is fully briefed, and this Order follows.[3]

## DISCUSSION

A complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). That statement must be sufficient to

provide the defendant with "fair notice" of the claim and its basis. Tamayo v. Blagojevich, 526

F.3d 1074, 1081 (7th Cir. 2008); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In other

words, the complaint must describe the claim in sufficient detail to give the defendant "fair

notice of what the . . . claim is and the grounds upon which it rests," and its allegations must

plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

"speculative level." EEOC v. Concentra Health Services, Inc. 496 F.3d 773, 776 (7th Cir. 2007).

Conclusory allegations are "not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937,

1951 (2009) (citing Twombly, 550 U.S. 544 (2007)).

In a motion to dismiss, a complaint is construed in the light most favorable to the

plaintiff, its well-pleaded factual allegations are taken as true, and all reasonably-drawn

inferences are drawn in favor of the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994);

---

[2] Plaintiff raises several issues in this Motion. The Court will primarily deal with his arguments pertaining to the statute of limitations defense raised by Defendants. In so far as Plaintiff requests appointment of counsel, that request is denied. Hughes presents no additional information to this Court that would warrant revisiting its Order on December 16, 2010.

[3] Defendants also filed separate Motions to Dismiss the Amended Complaint [#14, 19]. As the Court is considering the Motion to Amend Complaint [#12] as a response to Defendants' original Motions to Dismiss [#7, 9], these later Motions to Dismiss are deemed moot and do not require a reply from Plaintiff.

Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995); Early v. Bankers Life & Cas. Co., 959 F.2d 75 (7th Cir. 1992). When it comes to construing *pro se* complaints, pleading requirements are less stringent than when construing complaints drafted by lawyers. *McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000) (well settled Seventh Circuit law provides that *pro se* complaints are to be liberally construed); *Haines v. Kerner*, 404 U.S. 519, 596 (1972).

Even when giving Plaintiff significant latitude in his pleadings, Hughes' complaint is far from a model of clarity. It would, however, appear by his pleadings that the most recent event for which Hughes is seeking relief occurred in 2004. The Seventh Circuit applies the Illinois two-year personal injury statute of limitations in section 1983 actions. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992). As such, Plaintiff's claims are far too remote to warrant adjudication. Even if some of Plaintiff's claims spanning the last few decades are not time barred, his malicious prosecution claims are precluded by Illinois state law and should be filed there. *Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003). Furthermore, Plaintiff's Motion to Dismiss appears to be requesting this Court to dismiss state criminal charges. As this Court is unable to do so on Plaintiff's Motion, and Plaintiff has indicated that these charges are already dismissed, that Motion is deemed moot.

## CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss [#7, 9] is GRANTED. Plaintiff's Motion to Dismiss [#13] is deemed MOOT. Plaintiff's Motion to Amend [#12] is also DISMISSED. As the Court did not allow the filing of Plaintiff's proposed Amended Complaint,

Defendants' Motions to Dismiss Amended Complaint [#14, 19] are deemed MOOT.  This matter

is now terminated.

Entered this  24th  day of January, 2011.

/s Michael M. Mihm
Michael M. Mihm

United States District Judge